UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ALBERTO CHAPA-GONZALEZ,<br>Plaintiff, | Case No.: 20-10655 |
| v. | Gershwin A. Drain<br>United States District Judge |
| COMMISSIONER OF SOCIAL<br>SECURITY, | Curtis Ivy, Jr.<br>United States Magistrate Judge |
| Defendant.<br>_____/ | |

**ORDER GRANTING PLAINTIFF'S MOTION TO
EXTEND (ECF No. 14)**

**I.     BACKGROUND**

Plaintiff Alberto Chapa-Gonzalez initiated this case on March 10, 2020 challenging the final decision of the Commissioner of the Social Security Administration to deny disability benefits. (ECF No. 1). After the Commissioner filed an answer to the complaint and the certified administrative record, Chapa-Gonzalez was ordered to file his motion for summary judgment by September 14, 2020. (ECF No. 12). On September 16, 2020, Plaintiff filed a motion seeking an extension of forty (40) days to file a motion for summary judgment. (ECF No. 12). In her brief, Plaintiff's counsel cited to issues concerning her "tickler" and problems associated with her staff working remotely. (*Id.* at PageID.841). The motion was subsequently granted. (ECF No. 13). As a result, Plaintiff's motion

was due by October 26, 2020. On October 28, 2020, Plaintiff filed a second motion to extend the filing date of his motion for summary judgment an additional thirty (30) days. (ECF No. 14). Among other reasons, Plaintiff's counsel again references issues concerning her "tickler" and problems associated with her staff working remotely. (*Id.* at PageID.846). Plaintiff's counsel further indicated she attempted to obtain concurrence from opposing counsel, but did not receive a response before filing the motion. (*Id.* at PageID.848).

## II.   DISCUSSION

Because the motion to extend was filed after the deadline for Plaintiff's motion for summary judgment, Federal Rule of Civil Procedure 6(b)(1)(B) controls. Federal Rule of Civil Procedure 6(b)(1)(B) permits the court to extend the time to act, after the time to act has expired, where there is good cause and the party failed to act because of excusable neglect. "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect,' it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). To determine whether the failure to file a motion for summary judgment within the allotted time constitutes excusable neglect, the Court weighs the following factors: (1) the

danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the late-filing party, and (5) whether the late-filing party acted in good faith. *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer*, 507 U.S. at 395). The court should "tak[e] account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395.

The "*Pioneer* factors do not carry equal weight; the excuse given for the filing must have the greatest import." *United States v. Munoz*, 605 F.3d 359, 372 (6th Cir. 2020). The Sixth Circuit further noted that the factor provided by the party as the reason for the delay is by far the most critical to the excusable neglect inquiry. *See id*.

At this juncture, Plaintiff counsel's continued excuses related to her "tickler" and staff working remotely hold little water. That Plaintiff's counsel was preparing for other matters should not constitute excusable neglect for entirely failing to respond to court deadlines in other cases. By definition, lawyers make court appearances and represent multiple clients. The courts, opposing lawyers, and the parties have a right to expect that trial lawyers have established office systems to respond to the practical necessity of representing more than one client and handling more than one case at the same time. This is not to say those systems

cannot break down. There are instances where the best office sytems and precautions fail and matters simply fall through the cracks; it is for those instances that the excusable neglect provision exists.

Nonetheless, Plaintiff counsel's remaining basis related to personal matters that caused, and continue to cause, her delay in filing the motion is adequate to justify an extension. (ECF No. 14, PageID.846-47). Recognizing excusable neglect is an "elastic concept" that "is not limited strictly to omissions caused by circumstances beyond the control of the movant[,]" *Pioneer*, 507 U.S. at 392, I find that this factor does not weigh against granting the motion. The Commissioner has not stated any grounds for prejudice (although, notably, his time to respond to the motion has not yet passed), and it does not appear that he will be prejudiced by extending the motion deadline by 30 days. To that end, a 30-day extension—although it will be the second extension in this matter—is not an unreasonable amount of time and will not grossly impact the judicial proceedings. The Commissioner's deadline to respond will also be extended 30 days. And finally, there is no reason to conclude that Plaintiff's counsel has not acted in good faith.

Plaintiff's counsel has demonstrated both good cause and, as none of the factors weigh against Plaintiff, excusable neglect for an extension of the dispositive motion cut-off by 30 days from October 26, 2020. Therefore, the

motion to extend is **GRANTED**. Plaintiff is warned, however, that any future motion to extend this deadline will not be granted absent extraordinary circumstances.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.


Date: October 30, 2020          s/Curtis Ivy, Jr.
                                Curtis Ivy, Jr.
                                United States Magistrate Judge