UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ALBERTO CHAPA-GONZALEZ,<br>Plaintiff, | Case No.: 20-10655 |
| v. | Gershwin A. Drain<br>United States District Judge |
| COMMISSIONER OF SOCIAL SECURITY,<br>Defendant.<br>_____/ | Curtis Ivy, Jr.<br>United States Magistrate Judge |

# ORDER GRANTING IN PART PLAINTIFF'S THIRD MOTION TO EXTEND (ECF No. 16)

## I.    BACKGROUND

Plaintiff Alberto Chapa-Gonzalez initiated this case on March 10, 2020 challenging the final decision of the Commissioner of the Social Security Administration to deny disability benefits.  (ECF No. 1).  After the Commissioner filed an answer to the complaint and the certified administrative record, Chapa-Gonzalez was ordered to file his motion for summary judgment by September 14, 2020.  (ECF No. 12).  On September 16, 2020, Plaintiff filed a motion seeking an extension of forty (40) days to file a motion for summary judgment.  (ECF No. 12).  In her brief, Plaintiff's counsel cited to issues concerning her "tickler" and problems associated with her staff working remotely.  (*Id.* at PageID.841).  The motion was subsequently granted.  (ECF No. 13).  As a result, Plaintiff's motion

was due by October 26, 2020.  On October 28, 2020, Plaintiff filed a second motion to extend the filing date of his motion for summary judgment an additional thirty (30) days.  (ECF No. 14).  Among other reasons, Plaintiff's counsel again references issues concerning her "tickler," problems associated with her staff working remotely, and obligations in other cases.  (*Id.* at PageID.846).  That motion was granted.  (ECF No. 15).  As a result, Plaintiff's motion was due by November 30, 2020.  Plaintiff was warned that any future motion to extend would "not be granted absent extraordinary circumstances."  (*Id.* at PageID.854).

On December 1, 2020, Plaintiff filed a third motion to extend the time to file his motion for summary judgment by seven days.  (ECF No. 16).  Plaintiff's counsel referenced family obligations and her work on cases for other clients as the reasons for the motion to extend.  (*Id.* at PageID.856-57).

## II. DISCUSSION

Because the motion to extend was filed after the deadline for Plaintiff's motion for summary judgment, Federal Rule of Civil Procedure 6(b)(1)(B)'s excusable neglect standard controls.  The law regarding such motions to extend was thoroughly discussed in the Court's prior order granting the second motion to extend (ECF No. 15),  and will not be repeated here.

The Court is troubled by the reasons given for this third motion to extend—family obligations and work for other clients.  As this Court stated previously,

"That Plaintiff's counsel was preparing for other matters should not constitute excusable neglect for entirely failing to respond to court deadlines in other cases. By definition, lawyers make court appearances and represent multiple clients." (ECF No. 15, PageID.852).

Plaintiff's counsel indicated she would have timely filed the motion had she not had to help care for her grandchildren in the week prior to the November 30th deadline. (ECF No. 16, PageID.856). Recognizing excusable neglect is an "elastic concept" that "is not limited strictly to omissions caused by circumstances beyond the control of the movant[,]" *Pioneer*, 507 U.S. at 392, I will **GRANT IN PART** the motion to extend based on the unexpected family obligations.

Plaintiff will have until 5pm on **Friday, December 4, 2020**, to file the motion for summary judgment. Plaintiff is warned that failure to timely file the motion for summary judgment may result in sanctions, including a recommendation that the matter be dismissed.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a). Any objections are required to specify the part of the Order to

3

which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: December 1, 2020                    s/Curtis Ivy, Jr.
                                          Curtis Ivy, Jr.
                                          United States Magistrate Judge