UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALBERTO CHAPA-GONZALEZ,

Plaintiff,

v.

ANDREW SAUL, COMMISSIONER OF
SOCIAL SECURITY,

Defendant.

_____/

Case No. 20-cv-10655

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**ORDER ACCEPTING AND ADOPTING REPORT AND
RECOMMENDATION [# 20], DENYING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT [# 18], GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT [# 19] AND AFFIRMING
COMMISSIONER'S DECISION**

## I.   INTRODUCTION

Presently before the Court is a Report and Recommendation by Magistrate

Judge Curtis Ivy, dated April 20, 2021.  *See* ECF No. 20.  Magistrate Judge Ivy

recommends denying Plaintiff's Motion for Summary Judgment (ECF No. 18),

granting Defendant's Motion for Summary Judgment (ECF No. 19), and affirming

the Commissioner's decision.  On May 4, 2021, Plaintiff filed an objection to the

Magistrate Judge's Report and Recommendation.  *See* ECF No. 21.  Defendant filed

a timely response to Plaintiff's objection on May 18, 2021.  *See* ECF No. 22.  For

the reasons set forth below, the Court **ACCEPTS** Magistrate Judge Ivy's Report and

1

Recommendation, **DENIES** Plaintiff's Motion, **GRANTS** Defendant's Motion, and **AFFIRMS** the Commissioner's decision.

## II.   FACTUAL & PROCEDURAL BACKGROUND

Plaintiff is a United States Army Veteran who served two tours of duty in Iraq between 2006 and 2010.   ECF No. 18, PageID.871 (citing ECF No. 11-9, PageID.628).   Due to his military experience and several traumatic experiences in his childhood, Plaintiff suffers from post-traumatic stress disorder ("PTSD").   *Id.* at PageID.871-73 (citing ECF No. 11-9, PageID.630).   Plaintiff also alleges that he suffers from tinnitus, which first started while he was deployed.   *Id.* at PageID.873 (citing ECF No. 11-8, PageID.526).   On April 14, 2016, the United States Department of Veteran Affairs ("VA") awarded Plaintiff "Individual Unemployability" benefits because his PTSD rendered him "unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities."   *Id.* at PageID.874 (citing ECF No. 11-5, PageID.205-06).   Although the VA also investigated Plaintiff's tinnitus and associated hearing loss, these conditions were "not considered to be a disability for VA purposes."   ECF No. 11-8, PageID.525.

Plaintiff's last date insured was December 31, 2017.   ECF No. 11-2, PageID.51.   On January 8, 2019, he filed an application for disability insurance benefits.   *Id.* at PageID.49.   In it he alleged that his disability started on June 10,

2015, *id.*, and that his PTSD and tinnitus limit his ability to work, ECF No. 11-6, PageID.212.  His application was denied on May 7, 2019.  ECF No. 11-2, PageID.49. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on October 8, 2019.  *See id.* at PageID.64-94.  An impartial vocation expert also testified.  *Id.* at PageID.49.  The ALJ issued an opinion on October 29, 2019 in which he determined that Plaintiff was not disabled within the meaning of the Social Security Act.  *Id.* at PageID.49-58.  Following the statutory sequential evaluation process, the ALJ found that (1) Plaintiff had not engaged in substantial gainful activity since June 10, 2015, (2) Plaintiff had the severe impairments of depressive disorder and PTSD, (3) Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments, (4) Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with certain non-exertional limitations, (5) Plaintiff was unable to perform any past relevant work, and (6) there were existing jobs in significant numbers within the national economy that Plaintiff could perform. *Id.* at PageID.51-58.

Following the denial, Plaintiff filed a request for review of the hearing decision.  *See id.* at PageID.35-39.  The Appeals Council denied the request on January 10, 2020, *id.*, thus rendering a final administrative decision by the Social Security Commissioner, 20 C.F.R. § 416.1481.

On March 10, 2020, Plaintiff commenced this action under 42 U.S.C. §405(g), challenging Defendant's final decision denying his application for disability insurance benefits. *See* ECF No. 1. Plaintiff filed a Motion for Summary Judgment on December 4, 2020, arguing that (1) the ALJ's finding that Plaintiff's tinnitus is not a severe impairment is not supported by substantial evidence and is contrary to the law, (2) the ALJ's failure to consider Plaintiff's VA rating decision was contrary to the law, and (3) and the ALJ's findings regarding Plaintiff's residual functional capability and ability to perform substantial gainful activity were contrary to the law. *See* ECF No. 18.

Defendant filed a cross Motion for Summary Judgment on December 30, 2020, arguing that (1) Plaintiff had not met his burden of proving work-related functional limitations and (2) ALJs are no longer required to explain the consideration given to a disability rating issued by the VA after the rescission of SSR 06-03p and regulatory amendment to 20 C.F.R. § 404.1504. *See* ECF No. 19. As stated *supra*, Magistrate Judge Ivy recommends denying Plaintiff's Motion for Summary Judgment (ECF No. 18), granting Defendant's Motion for Summary Judgment (ECF No. 19), and affirming the Commissioner's decision. Plaintiff objects to three of the Magistrate Judge's findings.

Plaintiff filed a timely objection to the Report and Recommendation. *See* ECF No. 21. Specifically, Plaintiff objects to the Magistrate Judge (1) affirming

4

Defendant's finding that Plaintiff's tinnitus is not a severe impairment, finding that the ALJ met his burden in considering the evidence underlying his VA disability rating, and (3) finding that the RFC was properly determined.  *Id*.  Defendant replied and urged the Court to adopt the Report and Recommendation.  *See* ECF No. 22.

### III.    LAW & ANALYSIS

**A. Disability Determination**

To establish disability, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The Social Security Act requires the Commissioner to consider, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of an impairment listed in the regulations; (4) can return to past relevant work; and (5) if not, whether he or she can perform other work in the national economy.  20 C.F.R. §§ 404.1520, 416.920.[1]  The claimant bears the burden of proof for all but the fifth step, at which point the Commissioner must demonstrate that, "notwithstanding the claimant's impairment, he retains the residual functional

_____

[1] Citations to the Social Security Regulations refer to those regulations effective on the date of the application for disability benefits was filed.

capacity to perform specific jobs existing in the national economy." *Richardson v. Secretary of Health & Human Services*, 735 F.2d 962, 964 (6th Cir. 1984).

### B. Standard of Review

The district court reviews the final decision of the Commissioner to determine whether it is supported by substantial evidence.   42 U.S.C. §405(g); *Sherrill v. Secretary of Health and Human Services,* 757 F.2d 803, 804 (6th Cir. 1985). Substantial evidence is more than a scintilla but less than a preponderance.   It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."    *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938)).   The standard of review is deferential and "presupposes that there is a 'zone of choice' within which decision makers can go either way, without interference from the courts." *Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir. 1986) (en banc).   The court must affirm the decision if it is "based on [an appropriate] legal standard and is supported by substantial evidence in the record as a whole."   *Studaway v. Sec'y of Health and Human Servs.*, 815 F. 2d 1074, 1076 (6th Cir. 1987).   In determining whether the evidence is substantial, the court must "take into account whatever in the record fairly detracts from its weight."   *Wages v. Secretary of Health & Human Services*, 755 F.2d 495, 497 (6th Cir. 1985).   The court must examine the administrative record as a whole and may look to any evidence in the record, regardless of whether it has

been cited by the ALJ.  *Heston v. Comm'r of Soc. Sec.,* 245 F.3d 528, 535 (6th Cir. 2001).

Title 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72 govern the standard of review to be employed by the Court when examining a report and recommendation from a magistrate judge.  The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate."  *Id.*

### C. Analysis

Upon review of the administrative record, the parties' briefing, and the Report and Recommendation, the Court accepts the Magistrate Judge's findings.

### 1.  Tinnitus as a Severe Impairment

Plaintiff's first objection is to the Magistrate Judge's finding that tinnitus is not a severe impairment.  ECF No. 21, PageID.926-97.  Specifically,

> Plaintiff objects to the Magistrate Judge's findings that (a) Plaintiff's subjective evidence regarding limitations from tinnitus is inadequate to support a finding of severity; (b) the evidence demonstrates only that tinnitus causes some "frustration" for Plaintiff and impacts his ability to hear in the classroom, but does not adversely impact him in a work setting; (c) an audiologist's statement that Plaintiff's tinnitus did not interfere with his ability to work is reliable; and (d) Plaintiff waived objections to the ALJ's failure to consider his impairments in combination and the ALJ's failure to consider that Plaintiff would likely be off-task at least ten per cent of the workday.

7

ECF No. 21, PageID.927.

A "severe impairment" is an impairment or a combination of impairments that significantly limit(s) the claimant's physical or mental ability to perform basic work activities.  20 C.F.R. § 404.1520(c). Basic work activities include the following: 1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; 2) capacities for seeing, hearing, and speaking; 3) understanding, carrying out, and remembering simple instructions; 4) use of judgment; 5) responding appropriately to supervision, coworkers, and usual work situations; and 6) dealing with changes in a routine work setting. 20 C.F.R. § 404.1521(b).  "[D]isability is determined by the functional limitations imposed by a condition, not the mere diagnosis of it."  *Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 551 (6th Cir. 2014); *see also Bruner v. Comm'r of Soc. Sec.*, No. 15-10521, 2016 WL 6080214, at *10 (E.D. Mich. Feb. 18, 2016) ("[T]his Circuit has made clear that the mere fact that a plaintiff suffers from certain conditions or carries certain diagnoses does not necessarily equate to disability or a particular RFC. Rather, a claimant must also prove its severity and functional impact.") (citing *Foster v. Bowen*, 853 F.2d 483, 489 (6th Cir. 1988)).  An impairment is not considered severe if it is a "slight abnormality that minimally affects work ability regardless of age, education, and experience."  *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988).  This is a *de minimis* standard.  *Id*.

### i.  Subjective Nature of Tinnitus

Plaintiff asserts that the Magistrate Judge improperly dismissed Plaintiff's subjective evidence of limitations caused by his tinnitus.  *See* ECF No. 21, PageID.927-29.  For the reasons below, the Court disagrees.

Citing *Rogers v. Comm. of Soc. Sec.*, 486 F.3d 234 (6th Cir. 2007), Plaintiff argues "where subjective complaints play an important role in the diagnosis and treatment of a condition, the ALJ must provide justification other than an absence of objective evidence to discount an individual's claims."  ECF No. 21, PageID.928. This overstates *Rogers*' holding.   In *Rogers*, the plaintiff's treating physicians provided evidence that she suffered from fibromyalgia, which was contradicted by evidence from non-treating physicians. 486 F.3d at 237-39.  The evidence from the treating physicians should have been given greater deference under the treating physician rule.  *Id.* at 242.  Despite this, and the fact that the treating physician's opinions were medically credible, *id.* at 244, the ALJ disagreed with the treating physicians and did not discuss the factors he considered in determining how much weight to accord the treating physicians' evidence, *id.* at 245.  Thus, the Sixth Circuit held "[b]ecause the ALJ failed to provide sufficient justification for the weight given to the opinions of Rogers' treating physicians, his decision in this regard did not meet the requirements of 20 C.F.R. § 416.927, and therefore cannot serve as substantial evidence." *Id.* at 246.

Here, in contrast, there is no indication that the Magistrate Judge or ALJ disagreed with any of Plaintiff's medical professionals. In fact, Plaintiff's argument is that the Magistrate Judge relied too heavily on the results of Plaintiff's audiologic tests. *See* ECF No. 21, PageID.927, PageID.929. Plaintiff has not cited any law to support his assertion that the Magistrate Judge should not have relied on an audiologist's assessment that his tinnitus does not impact his ordinary conditions of daily life, including the ability to work. *See id.* As Defendant points out, licensed audiologists are acceptable medical sources for impairments of hearing loss and auditory processing disorders. 20 C.F.R. § 404.1502(a)(6). Moreover, *Rogers* makes clear that such evidence should be considered.

Nor is there any indication that the Magistrate Judge or ALJ dismissed Plaintiff's subjective evidence. The Magistrate Judge discussed the various issues Plaintiff reported were caused by his tinnitus, including how it acted as a trigger for his PTSD and affected his school performance. ECF No. 20, PageID.913 (citing ECF Nos. 11-7, 11-9). Moreover, the ALJ asked Plaintiff about his tinnitus at his hearing, including how it had affected his concentration in the past and whether it continued to do so. ECF No. 11-2, PageID.84-86.

The ALJ ultimately determined that Plaintiff's depressive disorder and post traumatic order were severe and concluded that all other impairments either were

non-severe or not medically determinable.[2] ECF No. 11-2, PageID.51. Specifically,

the ALJ found that all other impairments

> have been responsive to treatment, cause no more than minimal vocationally relevant limitations, have not lasted or are not expected to result in more than minimal work-related restriction for a continuous period of at least 12 months, are not expected to result in death, and/or have not been properly diagnosed by an acceptable medical source as defined in the regulations

*Id*.

Substantial evidence supports the ALJ's finding. As the Magistrate Judge pointed out, Plaintiff's descriptions of his tinnitus all focus on its effects in the classroom setting. ECF No. 20, PageID.915. In his objection, Plaintiff asserts that an individual who cannot handle the flexible demands of school would have an even more difficult time in the workforce. ECF No. 21, PageID.929. However, this ignores the many different types of jobs available in the American economy. The ALJ recognized that Plaintiff could not work all types of jobs and acknowledged the following non-exertional limitations on Plaintiff's residual functional capacity:

- Simple, routine, and repetitive tasks;

- Tasks requiring little judgment and learned in a short period;

---

[2] As the Magistrate Judge noted, the ALJ's decision does not make clear whether he determined Plaintiff's tinnitus is non-severe or not medically determinable. *See* ECF No. 20, PageID.912, ECF No. 11-2, PageID.51. Plaintiff assumed that the ALJ found tinnitus was non-severe, Defendant did not challenge this assumption, and neither party objected to the Magistrate Judge basing his analysis on this assumption. Therefore, the Court will make the same assumption as well.

- Low stress environment where there are minimal changes in the workplace in terms of work procedures or responsibilities;

- No interaction with the public; and

- Only incidental interaction with co-workers.

ECF No. 11-2, PageID.52-53.  During his hearing, Plaintiff indicated that his tinnitus causes him anxiety, disrupts his concentration, and affects his memory. ECF No. 11-2, PageID.84.  Plaintiff has not argued, and this Court has no reason to conclude, that the symptoms of Plaintiff's tinnitus would not be mitigated in a job that fits the characteristics suggested by Plaintiff's RFC.  The fact that different adjudicators might have evaluated the evidence in the record differently is not, in itself, a basis for reversal.  *Mullen,* 800 F.2d at 545.

## ii.  Combination of Impairments

Finally, the Court agrees with the Magistrate Judge that Plaintiff did not meaningfully develop his argument that the ALJ committed error by ignoring the combination of his impairments.  *See* ECF No. 20, PageID.917.  Plaintiff devoted two sentences to this assertion in his motion for summary judgment.  *See* ECF No. 18, PageID.878.  Because he only mentioned the argument in a perfunctory manner, it is waived. *Kuhn v. Washtenaw Cnty.*, 709 F.3d 612, 624 (6th Cir. 2013).

Therefore, Plaintiff's first objection is rejected.

### 2.  VA Rating Decision

Plaintiff's second objection is to the Magistrate Judge's finding that the ALJ met his obligation to consider the supporting evidence underlying the VA's disability rating.   ECF No. 21, PageID.931.   Plaintiff first relies on the similar language in the disability criteria for the Social Security Administration ("SSA") and the VA to imply that the ALJ should have also found him disabled.  *Id.*  However, these criteria are "independent and distinct" from one another, *Deloge v. Comm'r of Soc. Sec.*, 540 F. App'x 517, 519 (6th Cir. 2013).   Moreover, an ALJ is not "bound to accept a disability determination made by the VA." *Ritchie v Comm'r of Soc. Sec.*, 540 F. App'x 508, 510 (6th Cir. 2013) (stating the VA's disability rating is entitled to consideration, but the ALJ is not required to give it any specific weight).   And, the SSA amended 20 C.F.R. § 404.1504 in 2017 to state that,

> in claims filed . . . on or after March 27, 2017, we will not provide any analysis in our determination or decision about a decision made by any other governmental agency or a nongovernmental entity about whether you are disabled . . . . However, we will consider all of the supporting evidence underlying the other governmental agency or nongovernmental entity's decision that we receive as evidence in your claim.

Thus, any similarities between the VA and SSA disability criteria are irrelevant and cannot form the basis for relief.

Next, Plaintiff argues that the ALJ failed to consider the evidence underlying the VA decision and incorporates by reference his analysis of the evidence in his

Motion for Summary Judgment.  ECF No. 21, PageID.931.  The Court disagrees.
As the Magistrate Judge pointed out, the ALJ's opinion contains extensive
discussion of, and several citations to, Plaintiff's VA medical records from on or
before the date of the rating decision.  *See* ECF No. 11-2, PageID.53-58.  The Court
agrees with Defendant that Plaintiff's argument is less about identifying a flaw with
the Magistrate Judge's reasoning than challenging the ALJ's decision-making.
*Arroyo v. Comm'r of Soc. Sec.*, No. 14-cv-14358, 2016 WL 424939, at *3 (E.D.
Mich. Feb. 4, 2016) (quoting *Depweg v. Comm'r of Soc. Sec.*, No. 14-11705, 2015
WL 5014361, at *1 (E.D. Mich. Aug. 24, 2015) (citing *Howard v. Secretary of
Health & Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)) ("[B]are disagreement
with the conclusions reached by the Magistrate Judge, without any effort to identify
any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant
a different outcome, is tantamount to an outright failure to lodge objections to the R
& R.").  Therefore, Plaintiff's second objection is rejected.

### 3.  Residual Functional Capability

Plaintiff's final objection is that the ALJ failed to factor his tinnitus into the
RFC.  ECF No. 21, PageID.932.  Specifically, Plaintiff argues his RFC is too vague
to include deficiencies he may have in "concentration, persistence, or pace."  *See id*.
at Page.ID 932-33.  Plaintiff also seems to assert that the Magistrate Judge was
incorrect in determining that Plaintiff's need for a quiet work environment was

14

accommodated because it is not explicitly noted in his RFC. ECF No. 21, PageID.933.

Defendant argues that Plaintiff again improperly challenges the ALJ's decision instead of the Magistrate Judge's reasoning, and thus the objection should be waived. ECF No. 22, PageID.943. The Court agrees as to Plaintiff's vagueness challenge, which is waived.

However, Plaintiff's objection to the Magistrate Judge's analysis of his need for a quiet work environment as an accommodation does challenge a perceived flaw in the Magistrate Judge's reasoning. Nevertheless, the Court rejects Plaintiff's objection because the error was harmless. The Magistrate Judge's reference to the vocational expert's testimony was dicta. Instead, the determination relied on the Magistrate Judge's findings that (1) "evidence [did] not suggest the RFC should include a limitation to account for tinnitus," (2) the RFC appears to account for tinnitus, (3) "Plaintiff failed to suggest what limitation should have been included," and (4) "there is no medical evidence on the functional impact of tinnitus—either alone or in combination with other impairments—to consider." ECF No. 20, PageID.915-18.

Additionally, the claimant bears the burden of demonstrating the need for a more restrictive RFC. *See Richardson*, 735 F.2d at 964. It is unclear whether Plaintiff's objection to the Magistrate Judge's conclusions with respect to the need

for a quiet work environment are really Plaintiff's attempt to argue the ALJ should have included an additional limitation for his RFC.  To the extent Plaintiff makes this argument, the argument is waived because Plaintiff did not raise it in his summary judgment motion.  *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("[A]bsent compelling reasons, [the Magistrate Judge Act] does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate.") (citations omitted).  Indeed, Plaintiff has not advanced any specific additional limitations that should be added to his RFC to address his tinnitus.  Instead, he merely asserts that it is "too vague to accommodate all of [his] limitations." ECF No. 21, PageID.932; *see also* ECF No. 18, PageID.884-86 (arguing that RFC did not account for Plaintiff's tinnitus without suggesting additional limitations).  Plaintiff has not shown that he needs a more restrictive RFC than the one determined by the ALJ, and the Court rejects his third objection.

## IV. CONCLUSION

For the reasons discussed herein, the Court will **ACCEPT** Magistrate Judge Ivy's Report and Recommendation [#20], **DENY** Plaintiff's Motion for Summary Judgment [#18], **GRANT** Defendant's Motion for Summary Judgment [#19], and **AFFIRM** the Commissioner's decision.

**IT IS SO ORDERED.**

_____

GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated:  October 5, 2021


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 5, 2021, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager